Stephen M. Feldman, OSB No. 932674
SFeldman@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Telephone: 503.727.2000
Facsimile: 503.727.2222

R. Charles Henn Jr. (*pro hac vice* pending)
chenn@kilpatricktownsend.com
Charles H. Hooker III (*pro hac vice* pending)
chooker@kilpatricktownsend.com
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309
Telephone: 404.815.6500
Facsimile: 404.815.6555

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **ADIDAS AMERICA, INC.**, a Delaware corporation; and **ADIDAS AG**, a foreign entity,<br><br>Plaintiffs,<br><br>v.<br><br>**ATHLETIC PROPULSION LABS, LLC**, a California limited liability company,<br><br>Defendant. | No. 3:16-cv-00415<br><br>**COMPLAINT**<br>(Trademark Infringement, Unfair Competition, Trademark Dilution, and Deceptive Trade Practices)<br><br>**DEMAND FOR JURY TRIAL** |

1- COMPLAINT

21184-0116/130111310.1

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

Plaintiffs adidas America, Inc. and adidas AG (collectively, "adidas") state the following for their Complaint against Defendant Athletic Propulsion Labs, LLC ("APL" or "Defendant").

## I.    INTRODUCTION

1. For decades, adidas has manufactured, sold, and promoted footwear and apparel bearing its famous and distinctive Three-Stripe trademark (the "Three-Stripe Mark"). adidas owns numerous incontestable federal trademark registrations for its Three-Stripe Mark for footwear and apparel, and adidas has invested millions of dollars building its brand in connection with the Three-Stripe Mark.

2. Despite adidas's longstanding rights in the famous Three-Stripe Mark, APL is designing, sourcing, manufacturing, distributing, marketing, promoting, offering for sale, and/or selling footwear bearing confusingly similar imitations of adidas's Three-Stripe Mark, examples of which are shown below.



APL's footwear is not manufactured by adidas, nor is APL connected or affiliated with, or authorized by, adidas in any way. APL's merchandise is likely to cause confusion, deceive the public regarding its source, and dilute and tarnish the distinctive quality of adidas's Three-Stripe Mark.

3. This is an action at law and in equity for trademark infringement and dilution, unfair competition, and deceptive trade practices arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051, *et. seq.* (2009); the anti-dilution laws of several states; the fair business

2-    COMPLAINT

21184-0116/130111310.1

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

practices and unfair and deceptive trade practices acts of several states; and the common law. Among other relief, adidas asks this Court to: (a) permanently enjoin APL from marketing or selling footwear bearing confusingly similar four-stripe imitations of the Three-Stripe Mark; (b) award adidas monetary damages and to treble any monetary damages award; (c) require APL to disgorge all profits from sales of the infringing footwear; and (d) award adidas punitive damages, attorneys' fees, and costs.

## II.     PARTIES

4.     Plaintiff adidas AG is a joint stock company organized and existing under the laws of the Federal Republic of Germany, having its office and principal place of business at Postach 11230, D-91072 Herzogenaurach, Federal Republic of Germany.

5.     Plaintiff adidas America, Inc. is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 5055 N. Greeley Avenue, Portland, Oregon 97217.  adidas America, Inc. directs all U.S.-based operations on behalf of adidas AG, including sales, brand marketing, product marketing, product design, public relations, distribution, enforcement, and licensing of and for ADIDAS-branded merchandise, including goods bearing the distinctive Three-Stripe Mark.  adidas AG and adidas America, Inc., as well as any predecessors or related entities, are collectively referred to as "adidas."

6.     On information and belief, Defendant Athletic Propulsion Labs, LLC is a California limited liability company, having its principal place of business at 9701 Wilshire Boulevard, Suite 1000, Beverly Hills, California 90212.

## III.     JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction under section 39 of the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331 and 1338.  Subject matter jurisdiction over adidas's related state and common law claims is proper pursuant to 28 U.S.C. §§ 1338 and 1367.

3-    COMPLAINT

21184-0116/130111310.1

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

8. This Court has personal jurisdiction over APL because, on information and belief, (a) APL has marketed, distributed, offered for sale, and/or sold to persons within the State of Oregon, (b) APL regularly transacts and conducts business within the State of Oregon, and/or (c) APL otherwise has made or established contacts within the State of Oregon sufficient to permit the exercise of personal jurisdiction.

9. The District of Oregon is a proper venue pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the acts or omissions giving rise to adidas's claims occurred in this District, and the harm being caused by APL's acts or omissions is being inflicted upon adidas in this District.

### IV.    FACTS COMMON TO ALL CLAIMS FOR RELIEF

**A.    adidas's Famous Three-Stripe Mark**

10. adidas is currently, and for years has been, one of the world's leading manufacturers of athletic footwear, sportswear, and sporting equipment. Over sixty (60) years ago, adidas first placed three parallel stripes on its athletic shoes, and the Three-Stripe Mark came to signify the quality and reputation of adidas footwear to the sporting world early in the company's history.

11. At least as early as 1952, adidas began using the Three-Stripe Mark on footwear sold in the United States and worldwide. The Three-Stripe Mark quickly came to signify the quality and reputation of adidas footwear. Examples of adidas footwear bearing the Three-Stripe Mark are depicted below, and pages from adidas catalogs featuring additional examples of footwear bearing the Three-Stripe Mark are attached as **Exhibit 1**.

4-    COMPLAINT

21184-0116/130111310.1

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

| Ultra Boost | adizero Boston Boost |
|---|---|
| Crazy 8 Retro | Xeno Pro Model |
| Amplify ||



5-    COMPLAINT

21184-0116/130111310.1

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

12. adidas is the owner of a federal trademark registration, Reg. No. 1,815,956, issued by the United States Patent and Trademark Office ("PTO") on January 11, 1994, for the Three-Stripe Mark, as depicted below, for "athletic footwear."



Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration for this mark is attached as **Exhibit 2**.

13. adidas is the owner of a federal trademark registration, Reg. No. 1,833,868, issued by the PTO on May 3, 1994, for the Three-Stripe Mark, as depicted below, covering "athletic footwear."



Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration for this mark is attached as **Exhibit 3**.

14. adidas is the owner of a federal trademark registration, Reg. No. 2,278,589, issued by the PTO on September 21, 1999, for the Three-Stripe Mark, as depicted below, covering "athletic footwear."

6- COMPLAINT

21184-0116/130111310.1

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222



Affidavits have been filed pursuant to Sections 8 and 15 and the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration for this mark is attached as **Exhibit 4**.

15. adidas is the owner of a federal trademark registration, Reg. No. 3,029,129, issued by the PTO on December 13, 2005, for the Three-Stripe Mark, as depicted below, covering "footwear."



Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration for this mark is attached as **Exhibit 5**.

16. adidas is the owner of a federal trademark registration, Reg. No. 3,029,135, issued by the PTO on December 13, 2005, for the Three-Stripe Mark, as depicted below, covering "footwear."



7-   COMPLAINT

21184-0116/130111310.1

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration for this mark is attached as **Exhibit 6**.

17.     adidas owns numerous additional trademark registrations, a number of which are incontestable, for the Three-Stripe Mark covering footwear and various items of apparel, including U.S. Reg. Nos. 870,136, 961,353, 2,016,963, 2,058,619, 2,278,591, 2,284,308, 2,909,861, 2,999,646, 3,029,127, 3,063,742, 3,063,745, 3,087,329, 3,183,656, 3,183,663, and 3,236,505. Copies of the Certificates of Registration for each of these marks are attached collectively as **Exhibit 7**.

18.     Additionally, adidas owns federal registrations for verbal trademarks using the term "3 stripes" including THE BRAND WITH THE 3 STRIPES, Reg. No. 1,674,229, for "sport and leisure wear." Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration for this mark is attached as **Exhibit 8**.

19.     adidas's Three-Stripe Mark is well-known and famous and has been for many years. adidas has used the Three-Stripe Mark in connection with its frequent sponsorship of musical artists, including pop stars Katy Perry and Selena Gomez and iconic rappers B.o.B, Snoop Dogg, Pharrell Williams, and Kanye West.

20.     adidas also has used the Three-Stripe Mark in connection with its frequent sponsorship of athletic tournaments and organizations, as well as professional athletes and collegiate sports teams. For example, adidas has had longstanding relationships with the University of California at Los Angeles, the University of Nebraska, Arizona State University, the University of Louisville, Mississippi State University, and the University of Miami. Among many others, adidas sponsors (a) NFL stars Aaron Rodgers, DeMarco Murray, Jimmy Graham, Von Miller, Sammy Watkins, and Robert Griffin III; (b) NBA stars Tim Duncan, James Harden,

8-    COMPLAINT

21184-0116/130111310.1

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

John Wall, Damian Lillard, and Derrick Rose; (c) baseball players Josh Harrison, Justin Upton, Kris Bryant, Carlos Gomez, Melvin Upton Jr., and James Shields; (d) professional golfer Sergio Garcia; and (e) internationally famous soccer players David Beckham and Lionel Messi. For decades, adidas also has sponsored the world-famous Boston Marathon, along with many other events, teams, and individuals.

21. The Three-Stripe Mark is nonfunctional, and the public recognizes and understands that the Three-Stripe Mark distinguishes and identifies adidas's footwear. Unsolicited media coverage has referred to "the iconic adidas three stripes" (Brettman, Allan, "World Cup brings out the shoes, uniforms from Adidas, Nike," *The Oregonian*, Feb. 17, 2014), adidas's "trademark three-stripe sneakers" (Brettman, Allan, "Adidas lifts 2012 forecast as sales in China soar in Q1," *The Oregonian*, May 1, 2012), "the Adidas stripes" (Brettman, Allan, "A $35 swoosh of genius," *The Oregonian*, June 16, 2011), adidas's "ubiquitous three stripes" (Brettman, Allan, "Going 'All In' against Nike," *The Oregonian*, March 15, 2011), the "trademark three-stripe logo" (Pennington, Bill, "Belts That Do More Than Hold Up Pants," *New York Times*, July 26, 2009), the "iconic three stripes" ("Game Time," *Footwear News*, June 16, 2008), the "signature three stripes" (Moore, Booth, "Ringing endorsements; Form follows function with much Olympic wear, but fashion and funding are also at play," *L.A. Times*, August 13, 2004), the "famous brand with the three stripes" (Whiting, Sam, "Must Have," *San Francisco Chronicle*, July 7, 2002), and the "legendary Adidas three stripes" ("Coty Inc.," *Brand Strategy*, September 27, 1999). Copies of the above-referenced articles are attached collectively as **Exhibit 9**.

22. For decades, adidas extensively and continuously has used and promoted the Three-Stripe Mark in connection with footwear and apparel. In recent years, annual sales of products bearing the Three-Stripe Mark have totaled in the billions of dollars globally and in the

9- COMPLAINT

21184-0116/130111310.1

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

hundreds of millions of dollars within the United States.  The Three-Stripe Mark has achieved international fame and tremendous public recognition.

23. Since introducing its Three-Stripe Mark, adidas has spent millions of dollars promoting the mark and products bearing the mark.  For example, in March 2011, adidas launched an advertising campaign in the United States "featuring Chicago Bulls guard Derrick Rose, rapper B.o.B and pop singer Katy Perry, among others," that "highlights [adidas's] imprint on the worlds of sports, music and fashion," and "show[s] the breadth and depth of the Adidas brand."  A March 15, 2011, article from *The Oregonian* describing the advertising campaign is included within Exhibit 9.  Similarly, adidas recently launched its "Sport 15" advertising campaign, which represents adidas's biggest ad spend in the United States to date.  The campaign features soccer superstar Lionel Messi, Derrick Rose of the Chicago Bulls, and DeMarco Murray of the Philadelphia Eagles.  A February 13, 2015, article from *AdWeek* describing adidas's Sport 15 advertising campaign is attached as **Exhibit 10**.

24. As a result of adidas's extensive use and promotion of the Three-Stripe Mark, adidas has built up and now owns extremely valuable goodwill that is symbolized by the mark.  The purchasing public has come to associate the Three-Stripe Mark with adidas.

**B.   APL's Unlawful Activities**

25. In blatant disregard of adidas's rights, APL has been designing, sourcing, manufacturing, distributing, marketing, promoting, offering for sale, and/or selling in interstate commerce footwear that bears confusingly similar imitations of adidas's Three-Stripe Mark.  Specifically, APL has designed, sourced, manufactured, distributed, marketed, promoted, offered for sale, and/or sold footwear bearing four stripes, examples of which are shown below, in various colors (the "Infringing Footwear"):

10-   COMPLAINT

21184-0116/130111310.1

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

 

26.    The Infringing Footwear bears four stripes in a manner likely to be confused with adidas's famous Three-Stripe Mark.

27.    On information and belief, APL had knowledge of adidas's Three-Stripe Mark when it began designing, manufacturing, sourcing, distributing, marketing, promoting, offering for sale, and/or selling the Infringing Footwear.  On further information and belief, APL intentionally adopted and used confusingly similar imitations of the Three-Stripe Mark knowing that they would mislead and deceive consumers into believing that the footwear was produced, authorized, or licensed by adidas, or that the footwear originated from adidas.

28.    The Infringing Footwear distributed, offered for sale, and sold by APL is not manufactured by adidas, nor is APL associated, affiliated, or connected with adidas, or licensed, authorized, sponsored, endorsed, or approved by adidas in any way.

29.    adidas used the Three-Stripe Mark extensively and continuously long before APL began offering for sale or selling the Infringing Footwear.

30.    The Infringing Footwear is similar to, and competes with, footwear sold by adidas, and the parties' respective footwear is sold through overlapping channels of trade.

31.    APL's use of confusingly similar imitations of adidas's Three-Stripe Mark is likely to deceive, confuse, and mislead purchasers and prospective purchasers into believing that the footwear sold by APL is manufactured by, authorized by, or in some manner associated with adidas, which it is not.

11-  COMPLAINT

21184-0116/130111310.1

Perkins Coie LLP  
1120 N.W. Couch Street, 10th Floor  
Portland, OR  97209-4128  
Phone:  503.727.2000  
Fax:  503.727.2222

32.    APL's activities are likely to cause confusion before, during, and after the time of purchase because purchasers, prospective purchasers, and others viewing APL's Infringing Footwear at the point of sale or on a wearer are likely—due to APL's use of confusingly similar imitations of the Three-Stripe Mark—to mistakenly attribute the footwear to adidas.  This is particularly damaging with respect to those people who perceive a defect or lack of quality in APL's products.  By causing a likelihood of confusion, mistake, and deception, APL is inflicting irreparable harm on the goodwill symbolized by the Three-Stripe Mark and the reputation for quality that it embodies.

33.    On information and belief, APL continues to use confusingly similar imitations of the Three-Stripe Mark in connection with the sale of products that directly compete with those offered by adidas.  APL began selling these imitations well after adidas had established protectable rights in the Three-Stripe Mark and well after the Three-Stripe Mark had become famous.

34.    On further information and belief, APL knowingly, willfully, intentionally, and maliciously adopted and used confusingly similar imitations of adidas's Three-Stripe Mark.

**FIRST CLAIM FOR RELIEF**
**(Federal Trademark Infringement)**

35.    adidas repeats and incorporates by reference the allegations in the preceding paragraphs.

36.    APL's use of confusingly similar imitations of the Three-Stripe Mark is likely to cause confusion, deception, and mistake by creating the false and misleading impression that APL's goods are manufactured or distributed by adidas, or are associated or connected with adidas, or have the sponsorship, endorsement, or approval of adidas.

37.    APL has used marks confusingly similar to the Three-Stripe Mark in violation of 15 U.S.C. §§ 1114 and 1125(a).  APL's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and

12-  COMPLAINT

21184-0116/130111310.1

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

public, and, additionally, injury to adidas's goodwill and reputation as symbolized by the Three-Stripe Mark, for which adidas has no adequate remedy at law.

38. APL's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the Three-Stripe Mark to adidas's great and irreparable harm.

39. APL has caused and is likely to continue causing substantial injury to the public and to adidas, and adidas is entitled to injunctive relief and to recover APL's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

## SECOND CLAIM FOR RELIEF
### (Federal Unfair Competition)

40. adidas repeats and incorporates by reference the allegations in the preceding paragraphs.

41. APL's use of confusingly similar imitations of the Three-Stripe Mark has caused and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that APL's goods are manufactured or distributed by adidas, or are affiliated, connected, or associated with adidas, or have the sponsorship, endorsement, or approval of adidas.

42. APL has made false representations, false descriptions, and false designations of its goods in violation of 15 U.S.C. § 1125(a). APL's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to adidas's goodwill and reputation as symbolized by the Three-Stripe Mark, for which adidas has no adequate remedy at law.

43. APL's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the Three-Stripe Mark to the great and irreparable injury of adidas.

44. APL's conduct has caused, and is likely to continue causing, substantial injury to the public and to adidas. adidas is entitled to injunctive relief and to recover APL's profits,

13- COMPLAINT

21184-0116/130111310.1

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116, and 1117.

## THIRD CLAIM FOR RELIEF
### (State Unfair and Deceptive Trade Practices)

45.     adidas repeats and incorporates by reference the allegations in the preceding paragraphs.

46.     APL has been and is passing off its goods as those of adidas, causing a likelihood of confusion or misunderstanding as to the source, sponsorship, or approval of APL's goods, causing a likelihood of confusion as to APL's affiliation, connection, or association with adidas, and otherwise damaging the public.

47.     APL's conduct constitutes unfair and deceptive acts or practices in the course of a business, trade, or commerce in violation of the unfair and deceptive trade practices statutes of several states, including California CAL. BUS. & PROF. CODE § 17200, *et seq.* (West 2009); Colorado, COLO. REV. STAT. ANN. §§ 6-1-101 to 6-1-115 (West 2009); Delaware, DEL. CODE ANN. tit. 6, §§ 2531 to 2536 (2009); Georgia, GA. CODE ANN. §§ 10-1-370 to 10-1-375 (2009); Hawaii, HAW. REV. STAT. §§ 481A-1 to 481A-5 (2009); Illinois, ILL. COMP. STAT. ANN. ch. 815, 510/1 to 510/7 (2009); Maine, ME. REV. STAT. ANN. tit. 10, §§ 1211 to 1216 (West 2009); Minnesota, MINN. STAT. ANN. § 325D.43 to .48 (West 2009); Nebraska, NEB. REV. STAT. §§ 87-301 to 87-306 (2009); New Mexico, N.M. STAT. ANN. §§ 57-12-1 to 57-12-22 (Michie 2009); New York, N.Y. GEN. BUS. Law § 349 (McKinney 2009); Ohio, OHIO REV. CODE ANN. §§ 4165.01 to 4165.04 (Baldwin 2009); and Oklahoma, OKLA. STAT. ANN. tit. 78, §§ 51 to 55 (West 2009).

48.     APL's unauthorized use of confusingly similar imitations of the Three-Stripe Mark has caused and is likely to cause substantial injury to the public and to adidas.  adidas,

14-  COMPLAINT

21184-0116/130111310.1

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

therefore, is entitled to injunctive relief and to recover damages and, if appropriate, punitive damages, costs, and reasonable attorneys' fees.

## FOURTH CLAIM FOR RELIEF
### (Common Law Trademark Infringement and Unfair Competition)

49. adidas repeats and incorporates by reference the allegations in the preceding paragraphs.

50. APL's acts constitute common law trademark infringement and unfair competition, and have created and will continue to create, unless restrained by this Court, a likelihood of confusion to the irreparable injury of adidas. adidas has no adequate remedy at law for this injury.

51. On information and belief, APL acted with full knowledge of adidas's use of, and statutory and common law rights to, the Three-Stripe Mark and without regard to the likelihood of confusion of the public created by APL's activities.

52. APL's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the Three-Stripe Mark to the great and irreparable injury of adidas.

53. As a result of APL's acts, adidas has been damaged in an amount not yet determined or ascertainable. At a minimum, however, adidas is entitled to injunctive relief, to an accounting of APL's profits, damages, and costs. Further, in light of the deliberately fraudulent and malicious use of confusingly similar imitations of the Three-Stripe Mark, and the need to deter APL from engaging in similar conduct in the future, adidas additionally is entitled to punitive damages.

## FIFTH CLAIM FOR RELIEF
### (Federal Trademark Dilution)

54. adidas repeats and incorporates by reference the allegations in the preceding paragraphs.

55. For decades, adidas has exclusively and continuously promoted and used the registered Three-Stripe Mark both in the United States and throughout the world. The Three-

15- COMPLAINT

21184-0116/130111310.1

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Stripe Mark thus became a famous and well-known symbol of adidas and its products well before APL offered for sale the Infringing Footwear.

56. APL is making use in commerce of marks that dilute and are likely to dilute the distinctiveness of adidas's Three-Stripe Mark by eroding the public's exclusive identification of the famous Three-Stripe Mark with adidas, tarnishing and degrading the positive associations and prestigious connotations of the mark, and otherwise lessening the capacity of the mark to identify and distinguish adidas's goods.

57. APL's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with adidas's Three-Stripe Mark or to cause dilution of the Three-Stripe Mark to the great and irreparable injury of adidas.

58. APL has caused and will continue to cause irreparable injury to adidas's goodwill and business reputation, and dilution of the distinctiveness and value of adidas's famous and distinctive Three-Stripe Mark, in violation of 15 U.S.C. § 1125(c). adidas therefore is entitled to injunctive relief and to APL's profits, actual damages, enhanced profits and damages, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(c), 1116, and 1117.

### SIXTH CLAIM FOR RELIEF
### (State Trademark Dilution)

59. adidas repeats and incorporates by reference the allegations in the preceding paragraphs.

60. adidas has extensively and continuously promoted and used the registered Three-Stripe Mark both in the United States and throughout the world, and the mark had thereby become a distinctive, famous, and well-known symbol of adidas's goods and services well before APL designed, sourced, manufactured, imported, distributed, marketed, promoted, offered for sale, or sold the Infringing Footwear. The Three-Stripe Mark is widely recognized by the general consuming public as a designation that adidas is the source of the goods bearing the Three-Stripe Mark.

16- COMPLAINT

21184-0116/130111310.1

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

61. APL's unauthorized imitations of adidas's Three-Stripe Mark dilute and are likely to dilute the distinctiveness of adidas's mark by eroding the public's exclusive identification of this famous and well-known mark with adidas, and tarnishing and degrading the positive associations and prestigious connotations of the mark, and otherwise lessening the capacity of the mark to identify and distinguish adidas's goods and services.

62. APL is causing and will continue to cause irreparable injury to adidas's goodwill and business reputation, and dilution of the distinctiveness and value of adidas's famous Three-Stripe Mark in violation of the Oregon anti-dilution statute, O.R.S. § 647.107 (2009), as well as the anti-dilution laws of several other states, including Alabama, ALA. CODE § 8-12-17 (2009); Alaska, ALASKA STAT. § 45.50.180 (Michie 2009); Arizona, ARIZ. REV. STAT. ANN. § 44-1448.01 (West 2009); Arkansas, ARK. CODE ANN. § 4-71-213 (2009); California, CAL. BUS. & PROF. CODE § 14247 (West 2009); Connecticut, CONN. GEN. STAT. ANN § 35-11i(c) (West 2009); Delaware, DEL. CODE ANN. tit. 6, § 3313 (2009); Florida, FLA. STAT. ANN. § 495.151 (West 2007); Georgia, GA. CODE ANN. § 10-1-451 (2009); Hawaii, HAW. REV. STAT. ANN. § 482-32 (Michie 2009); Idaho, IDAHO CODE § 48-513 (Michie 2009); Illinois, 765 ILL. COMP. STAT. ANN. 1036/65 (2009); Iowa, IOWA CODE ANN. § 548.113 (West 2009); Indiana, IN. CODE 24-2-13.5 (West 2009); Kansas, KAN. STAT. ANN. § 81-214 (2009); Louisiana, LA. REV. STAT. ANN. § 51:223.1 (West 2009); Maine, ME. REV. STAT. ANN. tit. 10, § 1530 (West 2000); Massachusetts, MASS. GEN. LAWS. ANN. ch. 110H, § 13 (West 2009); Minnesota, MINN. STAT. ANN. § 333.285 (West 2009); Mississippi, MISS. CODE. ANN. § 75-25-25 (2009); Missouri, MO. ANN. STAT. § 417.061(1) (West 2009); Montana, MONT. CODE ANN. § 30-13-334 (2009); Nebraska, NEB. REV. STAT. ANN. § 87-140 (Michie 2009); Nevada, NEV. REV. STAT. 600.435 (2007); New Hampshire, N.H. REV. STAT. ANN. § 350-A:12 (2009); New Jersey, N.J. STAT. ANN. 56:3-13.20 (West 2009); New Mexico, N.M. STAT. ANN. § 57-3B-15 (Michie 2009); New York, N.Y. GEN. BUS. Law

17- COMPLAINT

21184-0116/130111310.1

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

§ 360-l (2009); Pennsylvania, 54 PA. CONS. STAT. ANN. § 1124 (West 2009); Rhode Island, R.I. GEN. LAWS § 6-2-12 (2009); South Carolina, S. C. CODE ANN. § 39-15-1165 (2009); Tennessee, TENN. CODE ANN. § 47-25-513 (2009); Texas, TEX. BUS. & COM. CODE ANN. § 16.29 (Vernon 2009); Utah, UT. CODE ANN. § 70-3a-403 (2009); Washington, WASH. REV. CODE ANN. § 19.77.160 (West 2009); West Virginia, W.V. STAT. ANN. 47-2-13 (Michie 2009); and Wyoming, WYO. STAT. ANN. § 40-1-115 (Michie 2009). adidas therefore is entitled to injunctive relief, damages, and costs, as well as, if appropriate, enhanced damages and reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, adidas prays that:

1. APL and all of its agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by through or under authority from APL, or in concert or participation with APL, and each of them, be enjoined from:

   a. using the Three-Stripe Mark or any other copy, reproduction, colorable imitation, or simulation of adidas's Three-Stripe Mark on or in connection with APL's goods;

   b. using any trademark, name, logo, design, or source designation of any kind on or in connection with APL's goods or services that is a copy, reproduction, colorable imitation, or simulation of, or confusingly similar to adidas's trademarks, trade dresses, names, or logos;

   c. using any trademark, name, logo, design, or source designation of any kind on or in connection with APL's goods that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods or services are produced or provided by adidas, or

18- COMPLAINT

21184-0116/130111310.1

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

      are sponsored or authorized by adidas, or are in any way connected or related to adidas;

  d. using any trademark, name, logo, design, or source designation of any kind on or in connection with APL's goods that dilutes or is likely to dilute the distinctiveness of adidas's trademarks, trade dresses, names, or logos;

  e. passing off, palming off, or assisting in passing off or palming off APL's goods as those of adidas, or otherwise continuing any and all acts of unfair competition as alleged in this Complaint; and

  f. advertising, promoting, offering for sale, or selling the Infringing Footwear or other similar goods;

2. APL be ordered to cease offering for sale, marketing, promoting, and selling, to remove from its retail stores, and to recall all products sold under or bearing a confusingly similar imitation of the Three-Stripe Mark, which are in APL's possession or have been shipped by APL or under its authority, to any customer, including but not limited to, any wholesaler, distributor, retailer, consignor, or marketer, and also to deliver to each customer a copy of this Court's order as it relates to said injunctive relief against APL;

3. APL be ordered to deliver up for impoundment and for destruction, all footwear, bags, boxes, labels, tags, signs, packages, receptacles, advertising, sample books, promotional materials, stationary, or other materials in the possession, custody or under the control of APL that are found to adopt, infringe, or dilute any of adidas's trademarks, trade dresses, or that otherwise unfairly compete with adidas and its products;

4. APL be compelled to account to adidas for any and all profits derived by APL from the sale or distribution of infringing goods as described in this Complaint;

5. adidas be awarded all damages caused by the acts forming the basis of this Complaint;

19- COMPLAINT

21184-0116/130111310.1

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

6. Based on APL's knowing and intentional use of confusingly similar imitations of the Three-Stripe Mark, the damages awarded be trebled and the award of APL's profits be enhanced as provided for by 15 U.S.C. § 1117(a);

7. APL be required to pay to adidas the costs and reasonable attorneys' fees incurred by adidas in this action pursuant to 15 U.S.C. § 1117(a) and the state statutes cited in this Complaint;

8. Based on APL's willful and deliberate infringement and/or dilution of adidas's Three-Stripe Mark, and to deter such conduct in the future, adidas be awarded punitive damages;

9. adidas be awarded prejudgment and post-judgment interest on all monetary awards; and

10. adidas have such other and further relief as the Court may deem just.

## JURY TRIAL DEMAND

adidas respectfully demands a trial by jury on all claims and issues so triable.

DATED: March 7, 2016  **PERKINS COIE LLP**

By: s/ Stephen M. Feldman
Stephen M. Feldman, OSB No. 932674
SFeldman@perkinscoie.com
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Telephone: 503.727.2000
Facsimile: 503.727.2222

R. Charles Henn Jr. (*pro hac vice* pending)
chenn@kilpatricktownsend.com
Charles H. Hooker III (*pro hac vice* pending)
chooker@kilpatricktownsend.com
**KILPATRICK TOWNSEND & STOCKTON LLP**
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309
Telephone: 404.815.6500
Facsimile: 404.815.6555

Attorneys for Plaintiffs

20- COMPLAINT

21184-0116/130111310.1

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222